## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## EASTERN DIVISION

|  |  |
|---|---|
| Ryan Canady, | : |
| | : Civil Action No.: 4:13-cv-00072 |
| Plaintiff, | : |
| v. | : |
| | : |
| Sallie Mae, Inc., | : **COMPLAINT** |
| | : **JURY TRIAL DEMANDED** |
| Defendant. | : |
| | : |
| | : |

For this Complaint, the Plaintiff, Ryan Canady, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiff resides in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4.      The Plaintiff, Ryan Canady ("Plaintiff"), is an adult individual residing in Raleigh, North Carolina, and is a "person" as defined by 47 U.S.C. § 153(10).

5.      Defendant Sallie Mae, Inc. ("SMI"), is a Virginia business entity with an address of 12061 Bluemont Way, Reston, Virginia 20190, and is a "person" as defined by 47 U.S.C. § 153(10).

## FACTS

6.      Within the last four years, SMI contacted Plaintiff by placing numerous calls daily to Plaintiff's cellular telephone.

7.      At all times referenced herein, SMI placed calls to Plaintiff's cellular telephone using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.

8.      When Plaintiff answered SMI's telephone calls, Plaintiff often heard a period of silence only after which a live representative came on the line to discuss payments for Plaintiff's loan.

9.      SMI left prerecorded messages on Plaintiff's cellular phone.

10.     During the initial phone conversation, Plaintiff requested that SMI cease all calls to his cellular phone.

11.     Despite this request, SMI continued to place calls to Plaintiff's cellular phone.

12.     Additionally, on February 11, 2013, Plaintiff sent SMI a written request to cease all calls and to correspond with Plaintiff only in writing.

13.     SFI confirmed receipt of such letter on February 14, 2013, however, continued to place calls daily to Plaintiff's cellular phone.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et. seq.*

14.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

2

15.     Defendants contacted Plaintiff using an automatic telephone dialing system and/or by using a prerecorded or artificial message on a cellular telephone of 47 U.S.C. § 227(b)(1)(A)(iii).

16.     Plaintiff revoked his consent to be contacted by Defendant on his cellular telephone by his repeated demands to cease calling his cellular telephone.

17.     The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

18.     Each of the aforementioned calls made by Defendant constitutes a negligent or intentional violation of the TCPA, including each of the aforementioned provisions of 47 U.S.C. § 227, *et. seq*.

19.     As a result of each of Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

20.     As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION ACT, N.C. Gen.Stat. § 75-50, et seq.

21.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22.     The Plaintiff is a "consumer" as the term is defined by N.C. Gen.Stat. § 75-50(1).

23. The Plaintiff incurred a "debt" as the term is defined by N.C. Gen.Stat. § 75-50(2).

24. The Defendant is a "debt collector" as the term is defined by N.C. Gen.Stat. § 75-50(3).

25. The Defendant's conduct violated N.C. Gen.Stat. § 75-52 in that within the last year Defendant used conduct the natural consequence of which is to oppress, harass, or abuse the Plaintiff in connection with the attempt to collect the Debt.

26. The Defendant's conduct violated N.C. Gen.Stat. § 75-52(3) in that within the last yearWithin the Defendant caused a telephone to ring or engaged the Plaintiff in telephone conversation with such frequency as to be unreasonable or to constitute a harassment to the person under the circumstances or at times known to be times other than normal waking hours of the person.

## COUNT IV

## VIOLATION OF THE NORTH CAROLINA UNFAIR TRADE PRACTICES ACT, N.C. Gen.Stat. § 75-1.1, et seq.

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Defendants' unfair or deceptive acts to collect the Debt occurred in commerce, in violation of N.C. Gen.Stat. § 75-1.1.

29. The Plaintiff suffered mental anguish, lost wages and other damages in an amount to be proven at trial.

4

30.     Defendant's failure to comply with these provisions constitutes an unfair or

deceptive act under N.C. Gen.Stat. § 75-1.1 and, as such, the Plaintiff is entitled to damages plus

reasonable attorney's fees.

.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) & (C);

2. Treble damages for each violation determined to be willful or intentional

     pursuant to 47 U.S.C. § 227(b)(3)(C);

3. Statutory damages of $4,000.00 for each violation pursuant to N.C. Gen.Stat.

     § 75-50, et seq.;

4. Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: March  21, 2013

                              Respectfully submitted,

                              By:   */s/ Ruth M. Allen*

                                   Ruth M. Allen, Esq.
                                   Bar Number: 34739
                                   Ruth Allen Law, PLLC
                                   7413 Six Forks Road,  Suite 326
                                   Raleigh NC  27615
                                   Email: rallen@lemberglaw.com
                                   Telephone: (855) 301-2100 Ext. 5536
                                   Facsimile:  (888) 953-6237
                                   Attorney for Plaintiff

                                   Of Counsel To:

5

Sergei Lemberg, Esq.
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424

6